IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 01 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00168-BNB

ULISES TESORO,

    Plaintiff,

v.

DR. JOSEPH WRIGHT,
KATRINA BOYD,
MICHAEL BERGANDO,
SUSAN JONES,
ARISTEDES ZAVARAS, and
CHERY SMITH,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Ulises Tesoro, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He initiated this action *pro se* by filing a prisoner complaint pursuant to 42 U.S. § 1983. On February 8, 2011, he filed an amended prisoner complaint.

    The Court must construe Mr. Tesoro's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Tesoro will be ordered to file a second amended complaint that asserts how each named party violated his constitutional rights.

    Mr. Tesoro alleges that he is being denied medical treatment for cancer.

However, he fails to allege each named defendant's involvement in the alleged denial of medical care. Mr. Tesoro must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Tesoro must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *petition for cert. filed*, 79 U.S.L.W. 3362 (U.S. Dec. 1, 2010) (No. 10-741).

Mr. Tesoro may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Tesoro uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Tesoro also is instructed that to state a claim in federal court he must explain in his second amended complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007).

The second amended complaint Mr. Tesoro will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Accordingly, it is

ORDERED that Plaintiff, Ulises Tesoro, file **within thirty days from the date of this order** a second amended complaint that complies with the instant order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Tesoro, together with a copy of this order, two copies of a Court-approved Prisoner Complaint form, one

of which is to be used in submitting the second amended complaint. It is

FURTHER ORDERED that if Mr. Tesoro fails within the time allowed to file a second amended prisoner complaint that complies with this order, the amended complaint and the action will be dismissed without further notice.

DATED April 1, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00168-BNB

Ulises Tesoro
Prisoner No. 68108
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 1, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk