IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 9 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00168-BNB

ULISES TESORO,

    Plaintiff,

v.

DR. JOSEPH WRIGHT,
KATRINA BOYD,
MICHAEL BERGANDO,
SUSAN JONES,
ARISTEDES ZAVARAS, and
CHERYL SMITH,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Ulises Tesoro, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He initiated this action *pro se* by filing a prisoner complaint pursuant to 42 U.S. § 1983. On February 8, 2011, he filed an amended prisoner complaint (ECF No. 8) pursuant to § 1983 for money damages and declaratory and injunctive relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On April 1, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Tesoro to file within thirty days on the Court-approved Prisoner Complaint form a second amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named defendant.

*See* ECF No. 12. The April 1 order warned Mr. Tesoro that, if he failed within the time allowed to file a second amended complaint as directed, the amended complaint and the action would be dismissed without further notice. On April 19, 2011, Magistrate Judge Boland entered a minute order (ECF No. 17) denying as premature Mr. Tesoro's motions for the appointment of counsel and granting him a thirty-day extension of time in which to file a second amended complaint that complied with the April 1 order. On May 5, 2011, the Court entered an order (ECF No. 20) overruling Mr. Tesoro's objections to the April 1 and 19 orders.

On June 6, 2011, Magistrate Judge Boland entered a minute order (ECF No. 22) granting Mr. Tesoro another thirty-day extension of time in which to file the second amended complaint, and warned him this would be the final extension he would be granted. On July 8, 2011, Magistrate Judge Boland entered a minute order (ECF No. 8) denying as premature a renewed motion for the appointment of counsel and, given Mr. Tesoro's allegations that he had a serious medical condition preventing him from complying with Court orders, granted him a final thirty-day extension of time in which to file the second amended complaint as directed.

On July 18, 2011, Mr. Tesoro filed a document titled "Motion to Mr. Gregory C. Langham" (ECF No. 28), which the Court will treat as the second amended complaint Mr. Tesoro was ordered to file and, for the reasons stated below, will dismiss the second amended complaint and the action.

In the April 1 order for a second amended complaint, Magistrate Judge Boland noted that, although Mr. Tesoro alleged he was being denied medical treatment for cancer, he failed to assert each named defendant's involvement in the alleged denial of

medical care. He directed Mr. Tesoro to file his second amended complaint on the proper, Court-approved form for filing a Prisoner Complaint, and informed him that the second amended complaint must comply with the pleading requirements of Fed. R. Civ. P. 8.

More specifically, Magistrate Judge Boland explained in the April 1 order that Mr. Tesoro must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Tesoro must show how each named individual caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010).

Magistrate Judge Boland also instructed Mr. Tesoro that, to state a claim in federal court, he must explain in his second amended complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Magistrate Judge Boland directed that the second amended complaint

3

Mr. Tesoro file comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland explained that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The second amended complaint fails to comply with the directives of the April 1 order. Mr. Tesoro failed to use the Court-approved Prisoner Complaint form in submitting the second amended complaint. Instead, in an apparent attempt to show personal participation, he organized his assertions by defendant, and made vague and conclusory allegations about each defendant's involvement in the alleged denial of his medical treatment for cancer and for hygiene items. He failed to assert jurisdiction,

allege any constitutional violations, or request relief. As a result, the second amended complaint also fails to comply with the pleading requirements of Fed. R. Civ. P. 8.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the April 1 order for a second amended complaint, and must be dismissed.

Accordingly, it is

ORDERED that the "Motion to Mr. Gregory C. Langham," which the Court has construed liberally as a second amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ulises Tesoro, to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the April 1, 2011, order for a second amended complaint.

DATED at Denver, Colorado, this __29th__ day of __August__, 2011.

BY THE COURT:

> __s/Lewis T. Babcock__
> LEWIS T. BABCOCK
> Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00168-BNB

Ulises Tesoro
Prisoner No. 68108
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk