IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00168-LTB

ULISES TESORO,

Plaintiff,

v.

DR. JOSEPH WRIGHT,
KATRINA BOYD,
MICHAEL BERGANDO,
SUSAN JONES,
ARISTEDES ZAVARAS, and
CHERYL SMITH,

Defendants.

___

ORDER DENYING MOTION TO RECONSIDER

___

Plaintiff, Ulises Tesoro, filed *pro se* on September 7, 2011, a document titled "Plaintiff motion to objection to dismisal [sic] my case or my amended complaint" (ECF No. 31) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on August 29, 2011. The Court must construe the document liberally because Mr. Tesoro is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the document as a motion to reconsider. For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court will consider Mr. Tesoro's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. See *Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. See *id*.

The Court dismissed the instant action without prejudice because Mr. Tesoro failed to file a second amended complaint that complied with the directives of the April 1, 2011, order, including by failing to use the Court-approved Prisoner Complaint form in submitting the second amended complaint, to allege personal participation, to assert jurisdiction, to allege any constitutional violations or request relief, and to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The August 29 dismissal order discusses the reasons for dismissal in greater detail.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Tesoro fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The motion to reconsider will be denied. Mr. Tesoro is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Tesoro wishes to pursue his claims, he may do so by initiating a new and separate action. Accordingly, it is

ORDERED that the document titled "Plaintiff motion to objection to dismisal [sic] my case or my amended complaint" (ECF No. 31) that Plaintiff Ulises Tesoro, submitted to and filed with the Court on September 7, 2011, and which the Court has treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this __15th__ day of ___September___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00168-BNB

Ulises Tesoro
Prisoner No. 68108
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 15, 2011.

                         GREGORY C. LANGHAM, CLERK

                By: _____
                           Deputy Clerk